UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITHOLUS WATTS,

       Petitioner,                                            Criminal Case Number 11-20370

v.                                                                        Civil Case Number 14-14735
                                                                              Honorable David M. Lawson

UNITED STATES OF AMERICA,

       Respondent.

_____/

### ORDER GRANTING MOTION TO VACATE SENTENCE AND DIRECTING PROBATION DEPARTMENT TO PREPARE NEW PRESENTENCE REPORT

      On December 15, 2014, the petitioner filed a motion asking the Court to vacate his sentence under 28 U.S.C. § 2255 and order that he be resentenced. The petitioner argued in his motion that (1) the attorney who served as both his trial and appellate counsel was ineffective for failing to object to the consideration by the Court of one of the two prior serious drug crimes that qualified him for an enhanced sentence under the Armed Career Criminal Act (ACCA); and (2) the Court erred by not applying a "modified categorical approach" when evaluating whether his conviction for "fleeing and eluding" qualified as a violent felony under the ACCA. The Court has reviewed the petition and finds that it must be granted because one of the prior convictions that the Court considered was qualified only under the "residual clause" of the ACCA, and the Supreme Court now has condemned that provision as unconstitutionally vague. *See Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015).

      A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Before he was sentenced, the defendant filed a motion to find the residual clause of the ACCA constitutionally vague and, accordingly, to exclude from consideration his conviction for fleeing and eluding. The Court denied that motion, and the petitioner's appeal on the same basis also was denied. However, on June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, in which the Court concluded that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which defines the term "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague, and that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. On December 17, 2015, the Sixth Circuit held in *In re Watkins*, No. 15-5038, --- F.3d --- (6th Cir. Dec. 17, 2015), that *Johnson* announced "'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.*, slip op. at 10 (quoting 28 U.S.C. § 2255(h)(2)).

In assessing the defendant's status under the ACCA, the Court considered the defendant's prior conviction for fleeing and eluding, and it found that the conviction qualified as a violent felony under the residual clause. The record suggests that if that conviction is excluded from the assessment, the defendant would not be eligible for any penalty enhancement under the ACCA.

Accordingly, the petitioner's motion to vacate sentence [dkt. #58] is **GRANTED**.

It is further **ORDERED** that the defendant shall be resentenced, and the probation department is directed to prepare a new presentence report.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 14, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 14, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI